IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN KOCHOPOLOUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:10-CV-325 |
| | ) |
| PAUL LYNN DANCER, | ) |
| and BRIAN E. MILLER, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on a complaint filed by John Kochopolous, a *pro se* prisoner. For the reasons set forth below, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

"On March 6, 2009, the State charged Kochopolous with Operating a Vehicle After Lifetime Suspension, Operating a Vehicle While Intoxicated, as a Class A misdemeanor, and Operating a Vehicle While Intoxicated, as a Class C misdemeanor under cause number 45G04-0903-FC-00030." *Kochopolous v. State*, 45A05-0911-CR-634, slip op. at 2 (Ind. Ct. App. June 7, 2010). In this lawsuit, Kochopolous is attempting to sue the officer who arrested him on

March 6, 2009 related to those charges. Kochopolous alleges that Officer Dancer falsely claimed to have pulled him over because the vehicle registration was expired. Kochopolous alleges that he was not driving, but was merely standing by the trunk of the car with the keys in his hand. Nevertheless, Kochopolous was convicted after he plead guilty. *Id.*

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the

> court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citations omitted).

*Heck v. Humphrey*, 512 U.S. 477 (1994) provides that where the successful prosecution of a civil rights case would undermine or imply the invalidity of a criminal prosecution, the civil rights case cannot proceed without proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. Here, Kochopolous is incarcerated and his conviction was affirmed by the Court of Appeals of Indiana on June 7, 2010. He does not allege, and based on this complaint and the public records of the Indiana Clerk of the Courts, it would not be reasonable to infer that his convictions have been vacated. Because a finding of liability in this case would undermine the validity of his criminal conviction, Kochopolous may not proceed on this claim until after his conviction or sentence has been overturned or set aside. Therefore this case must be dismissed without prejudice.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

**DATED: October 7, 2010**        /s/RUDY LOZANO, Judge
                                  **United States District Court**